7 F.3d 233
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronald J. DUPARD, Plaintiff-Appellant,
v.
Karen L. JARVIS; Barney G. Boe; Linda M. Moran; James D.
Stanford; John Gluch, Defendants-Appellees,
Washington State Department of Licensing, et al., Defendants.
 No. 93-1199.
 United States Court of Appeals, Sixth Circuit.
 Sept. 30, 1993.
 
 Before: MILBURN and GUY, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Ronald J. Dupard, a former prisoner at the Federal Correctional Institution (FCI) in Milan, Michigan, appeals from a district court's summary judgment dismissal of his civil rights action which he filed under 42 U.S.C. § 1983, which the district court construed as brought under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), the federal analogue to § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The background underlying Dupard's claims is set forth in the magistrate judge's November 10, 1992, report and recommendation and will not be repeated herein. Suffice it to say that Dupard claimed he was denied due process and his right to access the courts when he unwillingly participated in an administrative hearing concerning whether his State of Washington real estate license should be suspended or revoked. Named as defendants are John Gluch, former Warden at FCI; Karen Jarvis, Disciplinary Program Manager for the State of Washington's Department of Licensing (DOL); Barney Boe, an investigator for the DOL; Linda Moran, State of Washington Assistant Attorney General; and James Stanford, an Administrative Law Judge for the State of Washington. Dupard sought only monetary relief against the defendants in their individual capacities. On November 10, 1992, and November 12, 1992, a magistrate judge issued two separate reports and recommendations granting defendants' motions for summary judgment. Despite Dupard's objections, the district court filed an order accepting the magistrate judge's reports and recommendations on November 30, 1992. Judgment was entered on December 3, 1992.
 
 
 3
 Initially, we note that because Dupard only raises a procedural issue on appeal, any challenge to the underlying summary judgment is considered abandoned on appeal and will not be reviewed. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992); McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 4
 Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
 
 
 5
 Dupard contends in his appellate brief that the "[d]istrict court erred in granting defendants' motion for summary judgment without first informing pro se plaintiff of his 'right to file affidavits to oppose the summary judgment.' " However, "[t]here is no authority in this Circuit for the proposition that a district court must advise a pro se prisoner of his right to file counter-affidavits or other responsive material or that he must be alerted to the fact that his failure to so respond with such material might result in entry of summary judgment against him." See Williams v. Browman, 981 F.2d 901, 903 (6th Cir.1992). Thus, Dupard's argument to the contrary is without merit.
 
 
 6
 Additionally, since Dupard filed a verified complaint, his allegations "have the same force and effect as an affidavit." Id. at 905. See 28 U.S.C. § 1746. Furthermore, the magistrate judge had Dupard's own motion for summary judgment before her, which set forth his statement of the facts, and legal arguments of the case.
 
 
 7
 Because the district court committed no reversible error, the summary judgment in favor of the defendants is AFFIRMED. Rule 9(b)(3), Rules of the Sixth Circuit.